MISSISSIPPI POWER COMPANY, DEFENDANT-APPELLANT *v.* EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION, COMPLAINANT-APPELLEE

No. 43071          May 25, 1964          164 So. 2d 479

870

*Eaton, Cottrell, Galloway & Lang,* Gulfport, for appellant.

*Floyd, Cameron, Deen & Prichard,* Meridian, for appellee.

PATTERSON, J.

This is an appeal by Mississippi Power Company from a final decree of the Chancery Court of Hinds County, Mississippi, affirming an order of the Public Service Commission which granted the East Mississippi Electric Power Association a cease and desist order against appellant prohibiting it from servicing the athletic field of Clarksdale School situated in Clarke County, Mississippi, and awarding to East Mississippi Electric Power Association a certificate of public con-

venience and necessity for the electrical service of this field.

Appellant assigns as error (1) the Commission's order denying appellant the right to service the field is contrary to the evidence and in violation of the Act; (2) the finding of the Commission and the order granting to appellee a certificate of convenience and necessity to serve the athletic field constitute error because such finding is contrary to the evidence, and the granting of the certificate is contrary both to the evidence and the Act; (3) the order of the Commission, affirmed by the lower court, in directing appellant to cease and desist from rendering service to the athletic field is erroneous.

The issues are thus factual. The testimony was heard and resolved by the Commission in favor of appellees. From the oral evidence and the exhibits introduced, two of which depict the power lines of appellee traversing the athletic field, we are unable to say that the Commission's order was not based on substantial evidence. We repeat what we have stated in prior cases:

"Since the legislature had the right and power to determine the public necessity, it of course also had the power to delegate that function to the Public Service Commission. The action of the Commission, in granting a certificate, cannot be overturned if it is supported by substantial evidence, and is not arbitrary or capricious, or beyond its power to make, and does not violate some constitutional right." Miss. Power & Light Co. v. Blake, 236 Miss. 207, 109 So. 2d 657.

Affirmed.

*Lee, C. J., and McElroy, Rodgers and Brady, JJ.,* concur.