EAST MISSISSIPPI ELECTRIC POWER ASSOCIATION,
APPELLANT *v.*
MISSISSIPPI POWER COMPANY, et al., APPELLEES

No. 43222 December 7, 1964 169 So. 2d 473

*Floyd, Cameron, Deen & Prichard,* Meridian, for appellant.

*Eaton, Cottrell, Galloway & Lang,* Gulfport, for appellee.

PATTERSON, J.

This is an appeal by East Mississippi Electric Power Association from a decree of the Chancery Court of Hinds County affirming an order of the Public Service Commission which denied a certificate of convenience and necessity to the appellant to serve a hunting lodge in Clarke County with electricity. The application of

East Mississippi for such certificate was made pursuant to Mississippi Code Annotated section 7716-05 (c) (1956). The Mississippi Power Company protested the application of East Mississippi Electric Power Association.

The area in question lies within Section 26, Township 1 North, Range 16 East, Clarke County, which is not presently served by either the appellant or appellee, and neither held, at the time of the hearing before the Commission, a "grandfather" certificate to Section 26, though the Power Company had an application pending therefor under the provisions of Mississippi Code Annotated section 7716-05(b) (1956). This application for a "grandfather" certificate by the Power Company in Docket U-99 of the Commission was pleaded in the answer of the Power Company to the present application. A hearing was had by the Commission on the application of the Power Company for its certificate under section 7716-05(b), but a decision had not been handed down at the time of the hearing on the application of East Mississippi under section 7716-05(c) for a certificate of convenience and necessity to serve a specific customer in Section 26. The cause is therefore pending on the docket of the Commission.

The application of East Mississippi was made in furtherance of a request received by it for electric service by the Melvin Lumber Company, which owned the hunting lodge in Section 26. East Mississippi has a "grandfather" certificate for Section 25, which is of course adjacent to Section 26. The record reflects the lodge for which electric service was desired was located four-tenths of one mile to the west of the boundary of East Mississippi's certificated area, whereas the nearest existing facility of the Power Company is slightly in excess of four miles therefrom. The Power Company also has a request for electric service to the lodge from the same prospective customer, and has in fact entered into a contract therefor with the Melvin Lumber Company.

Both litigants are ready, willing and able to serve the area.

The evidence reflects the above facts as to the area and distances involved. It also reflects the fact of the pending application for a "grandfather" certificate by the Power Company under Docket U-99, and includes testimony to the fact that East Mississippi knew of the pendency of such application, which concerned the same area to which it now seeks a certificate, and had protested the same and produced witnesses who testified in opposition thereto. A witness of East Mississippi, as well as a witness of the Power Company, testified in this trial as to their former testimony given under the hearing on U-99. The order of the Public Service Commission which denied the application of East Mississippi refers to the Power Company's application for a "grandfather" certificate in these words: "The protestant's 'grandfather' application, Docket No. U-99, includes said Section 26 as part of its 'grandfather' area. Said cause, Docket No. U-99 has been heard by the Commission but no order has been granted thereon," thus indicating that it had considered U-99 in its deliberations concerning the present application of East Mississippi for a certificate of convenience and necessity to the specific area in Section 26.

The issues to be determined by this appeal are whether there is substantial evidence to support the order of the Public Service Commission which denied to East Mississippi a certificate of convenience and necessity and whether the order was arbitrary and contrary to the weight of the evidence.

 █ The action of the Commission in granting a certificate cannot be overturned if it is supported by substantial evidence, and is not arbitrary or capricious, or beyond its power to make, and does not violate some constitutional right. Mississippi Power Co. v. East Mississippi Electric Power Assn., 164 So. 2d 479 (Miss.

1964) and Mississippi Power & Light Co. v. Blake, 236 Miss. 207, 109 So. 2d 657 (1959).

The Commission had before it on this hearing the answer of the Power Company which set out the pending application, Commission Docket U-99, for a "grandfather" certificate to Section 26. It heard evidence from witnesses that Cause No. U-99 was pending and that it affected the same area involved in this proceeding. East Mississippi had notice of this by the answer and had an opportunity to refute or deny it if untrue. However, one of its witnesses testified that East Mississippi was aware of the pending application in Docket U-99 and had in fact produced witnesses who testified in opposition thereto, and a witness of the Power Company testified to the same effect concerning the pendency of U-99 and that it appertained to Section 26. The Commission specifically referred to this pending action in its order denying the certificate.

■■■ We are of the opinion and so hold this constitutes substantial evidence to support the finding of the Commission and that its order being based thereon should not be reversed by this Court. See Mississippi Power Co. v. East Mississippi Electric Power Assn., *supra,* and Mississippi Power & Light Co. v. Blake, *supra.* Neither do we find the order to be arbitrary, as it is based upon substantial evidence and is apparently in furtherance of the duty, to prevent duplicating certificates, placed upon it by the legislature as expressed by this Court in the case of Capitol Electric Power Assn. v. Mississippi Power & Light Co., 240 Miss. 139, 125 So. 2d 739 (1961) wherein it was stated: "The manifest policy of the Act is to prevent duplicating and overriding facilities and certificates."

We are of the opinion that the order of the Chancery Court of Hinds County is not in error in upholding the decision of the Public Service Commission denying to East Mississippi Electric Power Association a cer-

tificate of convenience and necessity to serve a specific customer in Section 26, and that its order should be affirmed.

Affirmed.

*Kyle, P. J., Ethridge, McElroy and Jones, JJ.,* concur.