BRADY, Justice:
This is an appeal from a final decree of the Chancery Court of the First Chancery Court District of Hinds County, Mississippi, wherein the chancellor affirmed an order of the Public Service Commission granting a certificate of convenience and necessity to the appellees, John N. Palmer and Mrs. Vermae Rowell, Partners d/b/a AAA Answer Phone and Doctors Exchange of Hattiesburg. South Central Bell Telephone intervened in the cause. Hereinafter in this opinion the appellant will be referred to as Monroe and appellees as AAA, South Central, and Commission. From the above decision this appeal is taken.
AAA filed its application for a certificate to establish, maintain and operate a domestic public land mobile and portable radio service which will be engaged in the transmission of messages by radio as a public communications service for compensation or hire between a base radio transmission and receiving station to mobile and portable units and from such mobile and portable units to said base station within a thirty-five mile radius of the city of Hattiesburg, Forrest County, Mississippi. The Commission had previously granted a certificate to Monroe to render such service within a sixty mile radius of Hattiesburg. AAA in its application stated that Monroe rendered a similar service and Monroe protested the granting of such certificate on the basis that it was rendering the same services and that to grant such a certificate to AAA as a competitor would result in waste, duplication and inefficiency and would jeopardize a large investment made by Monroe. South Central entered and filed its appearance and notice of participation but the limited or conditional protest of South Central was restricted in that its principal interest was to assure that the Commission recognize and not diminish or affect, in any order which it might issue, the existing, operating rights of *456 South Central within the area in question.
AAA is a general partnership composed of John N. Palmer, a certified public accountant of Jackson, Mississippi, and Mrs. Vermae Rowell, a resident of Hattiesburg. The partnership was created on September 1, 1968. Prior to the formation of the partnership, Mrs. Rowell had, for a number of years, been engaged in the telephone answering service business in Hattiesburg, that is, answering telephones for various subscribers for a monthly fee. In September Mrs. Rowell sold to Mr. Palmer a one-third interest in her telephone answering service and the partnership was created. The partnership continued to engage in the business of answering telephones for the general public in the Hat-tiesburg area and at the time of the hearing the appellee AAA had approximately one hundred and sixty answering service customers. A number of the answering service customers had requested Mrs. Rowell to secure authority from the Commission to handle mobile radio messages in connection with her handling of their telephone messages in the answering service. Physicians in particular desired this common handling of their telephone and radio messages. The telephone answering service is a twenty-four hour a day operation and AAA plans to offer its customers in Hattiesburg a type of selective calling apparatus in the mobile units with private selectors, which will enable the conversations to be private.
Prior to the filing of the application by AAA, Monroe did not engage in the telephone answering service business in Hat-tiesburg and its mobile radio operation was not a twenty-four hour operation. Immediately upon the filing of the instant application by AAA, Monroe began newspaper advertising and went into the answering service business in Hattiesburg, and at the time of the hearings was also maintaining a twenty-four hour service to its mobile radio customers. Monroe, however, does not handle “private selector” equipment only and, in fact, has only two customers using such private selector equipment, of which he has eleven units.
The case was heard by the Commission on December 3, 1968, and thereafter on December 17 the Commission issued its order granting to the appellee a certificate of public convenience and necessity to render mobile radio service within the area in question. The Commission in its opinion and order found that: (1) The appellant is ready, willing and able to construct, maintain and operate the facilities and other equipment necessary for the operation requested; (2) the area proposed to be serviced by the appellant is heavily populated and supports a variety of different businesses which have a need and have expressed a demand for the proposed service; (3) the appellant will operate in the Hattiesburg area on channel or channels to be assigned by the Federal Communications Commission, which channel or channels will be on a different frequency from Monroe; (4) the mobile units which the appellees’ subscribers will be using in the Hattiesburg area will be equipped with selective calling apparatus which enables a subscriber to carry on a private conversation; (5) the appellees will interconnect with the facilities at Hattiesburg, with facilities at Jackson, Meridian, Natchez and other cities in Mississippi, so that the customer in any one of the four locations may communicate with customers in any other locality by way of an arrangement with South Central; (6) appellees’ proposed services distinctly and substantially differ from that offered by the appellant; and (7) public convenience and necessity require and justify the proposed operation.
From this decision of the Commission an appeal was taken to the Chancery Court of the First Chancery Court District of Hinds County. The chancellor affirmed the decision of the Commission and from that decision this appeal is taken.
*457 The appellant assigns as error the following:
1. The Commission erred in not applying the existing facility rule and the order will result in a duplication and waste.
2. The Commission erred in finding that there was a public need for an additional radio telephone service and in granting a certificate of convenience and necessity for the same.
3. The Commission erred in authorizing South Central to furnish mobile radio telephone service in this area on no evidence.
4. The Commission erred in allowing two witnesses to testify on behalf of the parties over the objection of the appellant.
5. The Commission erred in finding (a) that all the applicants’ units would be of selective calling, (b) that the service of the applicants would be distinctly and substantially different, and (c) that the rates and charges should be approved and the findings are not supported by substantial evidence that are contrary to the manifest weight of the evidence.
6. The order violates the constitutional rights of the appellant and exceeds the statutory authority of the Commission.
This cause is somewhat unique, first, in that it is extremely well briefed by all parties, and second, it almost duplicates the recent case of Keith v. Bay Springs Telephone Company, 251 Miss. 106, 168 So.2d 728 (1964), factually and in the application of the controlling statutes.
The basic error assigned by the appellant is that the Commission erred in not applying the existing facility or the Tri-State Transit rule. Stated otherwise, if it had properly applied such rule, it could not have issued a certificate of convenience and necessity to the appellees. Furthermore, appellant urges that the Commission’s order will result in duplication and waste. This identical contention was made and practically the same author-ities were cited in support thereof in Keith v. Bay Springs Telephone Company, supra. As this Court, speaking through Chief Justice Ethridge, pointed out in the opinion in that case, there was no merit in appellant’s contention that the existing facility or the Tri-State Transit rule had to be applied to transmission and reception by radio waves. There are no substantial factual differences in this case which require any alteration or modification of the application of the rule as adopted in Keith v. Bay Springs Telephone Company, supra, for the reason that two of the three attorneys are identical, the appellants are identical, the same type equipment is involved in both suits, the order of public convenience and necessity is the same, the area involved is the same, and we have the identical desire for protecting the same basic area by the appellants.
There is no merit in the contention assigned by the appellant that the Commission erred in finding that there was a public need for an additional radiotelephone service and that it erred in granting a certificate of convenience and necessity for the same. The evidence was sufficient to justify the finding of the Commission that all of the applicants’ units would be of selective calling, that the service of the applicants would be distinctly and substantially different, that the rates and charges should be approved and the findings are supported by substantial evidence and that they are not contrary to the manifest weight of the evidence. In Mississippi Power Company v. South Mississippi Electric Power Association, 254 Miss. 754, 183 So.2d 163, cert. denied 385 U.S. 823, 87 S.Ct. 51, 17 L.Ed.2d 60 (1966), we quoted from East Mississippi Electric Power Association v. Mississippi Power Company, 251 Miss. 310, 314, 169 So.2d 473, 474 (1964), as follows:
The action of the Commission in granting a certificate cannot be overturned if it is supported by substantial evidence, and is not arbitrary or capricious, or *458 beyond its power to make, and does not violate some constitutional right.
See also Mississippi Power Co. v. East Mississippi Electric Power Ass’n, 249 Miss. 869, 164 So.2d 479 (1964) and Mississippi Power & Light Co. v. Blake, 236 Miss. 207, 109 So.2d 657 (1959).
It should be noted that seven witnesses testified in behalf of the applicants, excluding applicants themselves. The Commission had the right and duty to evaluate the testimony and to place such value and worth thereon as was proper. We cannot conclude that there is any evidence that the findings of the Commission are arbitrary or capricious but, on the contrary, find that they are supported by the testimony of the witnesses on behalf of appellee. Witnesses Mrs. Evelyn Reber and Mr. Lowell Heinmiller certainly were qualified to testify with reference to what they knew concerning the personal needs of the stockholder physicians in the Medical Plaza Building and of the fourteen practicing physicians in the Hattiesburg Clinic, respectively.
In passing, appellant’s brief and oral argument imply that the Commission considered and treated South Central as if it were a sacred, totalitarian Behemoth and accorded to it unwarranted considerations, without any supporting evidence, not in compliance with the statutory prerequisites. There is no merit in this contention. South Central, as it had the right to do, sought only to protect its rights granted under the “grandfather certificates” granted South Central under authority of Mississippi Code 1942 Annotated section 7716-05(b) (1956) and the decisions of this Court and to insure that they were not diminished or affected by the issuance of any new certificate of public convenience and necessity. South Central, its predecessor, and other valuable public utilities are servants which have played and are playing a dominant role in the welfare and development of this State. It sought no preferential treatment but only the protection of that to which it was entitled under the statutes of this State and former decisions of this Court. The Commission was correct in its determination of the rights of South Central in this Court, which judgment was affirmed by the Chancery Court of the First Chancery Court District of Mississippi, and in which we concur.
In conclusion, the order of the Commission does not violate the constitutional rights of the appellant and does not exceed the statutory authority of the Commission. This question is conclusively settled in Keith v. Bay Springs Telephone Company, supra, as are most of the other errors assigned by the appellant. Since the factual issues, as aforesaid, in Keith v. Bay Springs Telephone Company, supra, are in substance comparable to the situation here, the application of the rule of law will be the same here as it was therein.
For the foregoing reasons the judgment of the chancery court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.